UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SANCHEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH BEACH ALLIANCE, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-02361-EMC<br><br>**ORDER RE SERVICE OF PROCESS**<br><br>Docket Nos. 14, 23 |

Currently pending before the Court is a report and recommendation ("R&R") on Plaintiffs' motion for default judgment. The Court previously asked for supplemental briefing related to service of process, accessible seating, and accessible path of travel to an accessible bathroom. *See* Docket No. 28 (order). Plaintiffs have now filed their supplemental brief in response. Having reviewed that brief, the Court hereby orders that Plaintiffs re-serve the summons and complaint (as well as the motion for default judgment) on both Defendants.

**North Beach Alliance.** Plaintiffs have asserted that the summons and complaint were properly served on North Beach Alliance via substitute service on its agent, Arash Ghanadan. *See* Docket No. 14 (Mot. at 8) (citing California Code of Civil Procedure § 415.20(a)[1]). However,

---

[1] Section 415.20(a) provides that,

> [i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in [*e.g.*, §] 416.10 [related to service of process on a corporation], a summons may be served by leaving a copy of the summons and complaint during office hours in his or her office or, if no physical address is known, as his or her usual mailing address . . . with the person who is apparently is charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the

1   substitute service was made at the address for the Lounge (on 714 Montgomery Street). Based on
2   the California Secretary of State documents provided by Plaintiffs, Mr. Ghanadan has a different
3   address (on Bluxhome Street).

4   In their supplemental brief, Plaintiffs contend that the Lounge address is Mr. Ghanadan's
5   office. In support, they cite a search result conducted through "D&B Market Identifiers." *See*
6   Docket No. 14-4 (O'Donahoe Decl., Ex. E). That document, however, simply reflects that North
7   Beach Alliance's address is the Lounge's address on 714 Montgomery Street and that Mr.
8   Ghanadan is the company's managing member. That does not mean that the 714 Montgomery
9   Street address is Mr. Ghanadan's office, especially when formal filings with the California
10  Secretary of State indicate otherwise.

11  Plaintiffs maintain that federal law does not require that service be effectuated on the
12  address for the agent listed on the California Secretary of State's website. This is true. However,
13  there needs to be evidence that the Lounge Address is Mr. Ghanadan's office (or his usual mailing
14  address) if Plaintiffs are relying on substitute service under § 415.20(a). Plaintiffs have failed to
15  establish such.

16  Therefore, if Plaintiffs intend to pursue their motion for default judgment, they must re-
17  serve the summons and complaint on North Beach Alliance. Nothing about this order precludes
18  Plaintiffs from serving Mr. Ghanadan at the Bluxhome Street address.

19  **Mr. Gwin.** In their motion for default judgment, Plaintiffs initially claimed substitute
20  service on Mr. Gwin. *See* Docket No. 14 (citing California Code of Civil Procedure § 415.20(b)[2]).

---

person to be served at the place where a copy of the summons and
complaint were left.

Cal. Code Civ. Proc. § 415.20(a).

[2] Section 415.20(b) provides:

> If a copy of the summons and complaint cannot with reasonable
> diligence be personally delivered to the person to be served, as
> specified in [*e.g.*, §] 416.90 [related to service on individuals], a
> summons may be served by leaving a copy of the summons and
> complaint at the person's dwelling house, usual place of abode,
> usual place of business, or usual mailing address . . . , in the
> presence of a competent member of the household or a person

2

However, after Judge Tse asked whether there was an attempt to effect personal delivery with reasonable diligence (as required for substitute service under § 415.20(b)), Plaintiffs pivoted and asserted that service was properly effected under Federal Rule of Civil Procedure 4(e)(2)(B). *See* Docket No. 22 (Supp. Br. at 1). Rule 4(e)(2)(B) allows for service on an individual by leaving a copy of the summons and complaint at an individual's "dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B).

The Court asked Plaintiffs for evidence that the address at issue (on 712 Montgomery Street) is Mr. Gwin's dwelling or usual place of abode. In response, Plaintiffs pointed to real property tax records indicating that the 712 Montgomery Street address is "owner occupied." But that evidence is not compelling because the same records state that the property is "commercial." Mr. Gwin may well use the 712 Montgomery Street address as a *mailing* address but a mailing address is not necessarily the same thing as a person's dwelling or usual place of abode.

Therefore, if Plaintiffs intend to pursue their motion for default judgment, they must re-serve the summons and complaint on Mr. Gwin. Nothing about this order precludes Plaintiffs from serving Mr. Gwin at the Montgomery Street to the extent that Mr. Gwin uses that address as his mailing address. *See, e.g.*, Cal. Code Civ. Proc. § 415.20(b) (allowing for substitute service on a person's mailing address but only *after* a reasonably diligent attempt to effect personal delivery is made).[3]

Plaintiffs have one hundred twenty (120) days to re-serve the summons and complaint on both Defendants. If Defendants fail to timely respond to the summons and complaint after it is re-

---

> apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(b).

[3] The record reflects that Plaintiffs were able to personally serve a copy of their motion for default judgment on Mr. Gwin. *See* Docket No. 17 (proof of service) (reflecting personal delivery on Mr. Gwin at the Montgomery Street address). Thus, it is not implausible that personal delivery of the summons and complaint on Mr. Gwin could be made.

3

served, then Plaintiffs may file a renewed motion for default judgment. So as to minimize the burden on Plaintiffs, the renewed motion need only address the issue of service of process since the substance of the claims have been previously addressed in their first motion for default judgment and supplemental briefs. Plaintiffs may incorporate by reference their prior filings.

**IT IS SO ORDERED**.

Dated: December 4, 2024

_____
EDWARD M. CHEN
United States District Judge