UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JORGE SANCHEZ, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>NORTH BEACH ALLIANCE, LLC, et al.,<br><br>               Defendants. | Case No.  23-cv-02361-EMC<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR DEFAULT JUDGMENT**<br><br>Docket No. 33 |

Plaintiff Jorge Sanchez and Matt Scott are disabled individuals who use wheelchairs.  They have sued two Defendants for disability discrimination: (1) North Beach Alliance, LLC (d/b/a Barbarossa Lounge) and (2) Shannon C. Gwin.  Now pending before the Court is Plaintiffs' renewed motion for default judgment as to Mr. Gwin only.  Having considered the papers submitted, including Plaintiffs' post-hearing filing, the Court hereby **GRANTS** Plaintiffs' motion.

## I.       FACTUAL & PROCEDURAL BACKGROUND

As alleged in the complaint, Defendants own and/or operate a bar/lounge called the Barbarossa Lounge.  *See* Compl. ¶ 10.  The Lounge was renovated in 1997-98 (valued at about $250,000) and then again in 2015 (valued at about $450,000).  The latter renovation included renovation to the bar area, ground floor, basement, and restrooms.  *See* Compl. ¶ 2; *see also* Docket No. 14-3 (Luciani Decl., Ex. A) (permit details report).  In February 2023, Plaintiff went to the Lounge for a birthday celebration.  They had difficulty getting to a table because the Lounge was crowded and there was no designated accessible path of travel.  *See* Compl. ¶ 15.  When they got to the table, Plaintiffs were not able to pull under it because it was coffee table height.  *See* Compl. ¶ 15.  When they needed to use the bathroom, the only bathroom in the Lounge was

located down a flight of stairs and there was no lift or elevator.  *See* Compl. ¶ 16.  Plaintiffs were only able to use the bathroom with assistance from employees: one was carried down the flight of stairs; the other was able to use his prosthetic leg and the help of employees to walk down the stairs.  *See* Compl. ¶¶ 19-20.

Based on, *inter alia*, the above allegations, Plaintiffs have asserted the following causes of action:

> (1) Violation of the ADA.  *See* 42 U.S.C. § 12101 *et seq.*
>
> (2) Violation of the Unruh Act.  *See* Cal. Civ. Code §§ 51-52.
>
> (3) Violation of the California Health & Safety Code § 19953 *et seq.* and California Civil Code §§ 54 and 54.1 (the California Disabled Persons Act).

The Clerk of the Court entered both Defendants default on September 27, 2023.  *See* Docket No. 13 (notice).  About half a year later, Plaintiffs filed their first motion for default judgment.  *See* Docket No. 14 (motion).  As relief, Plaintiffs sought the following injunctive relief: (1) at least 5% accessible seating in the Lounge; (2) an accessible path of travel in the Lounge; and (3) an accessible path of travel to an accessible bathroom in the Lounge.  *See* Docket No. 14 (Mot. at 21) (noting that the ADA provides for injunctive relief, as does California law).  Plaintiffs also asked for statutory damages of $16,000 pursuant to California Civil Code § 52[1] – *i.e.*, $8,000 for each Plaintiff, representing $4,000 in statutory damages for the incident at issue and $4,000 for deterrence.  *See* Docket No. 14 (Mot. at 18, 21).  Finally, Plaintiffs asked for attorneys' fees and costs.  *See* Docket No. 14 (Mot. at 22) (citing the ADA and California law).

---

[1] Section 52(a) provides:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

Cal. Civ. Code § 52(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Judge Tse issued a report and recommendation ("R&R") on the motion for default

2  judgment on October 22, 2024. *See* Docket No. 23 (R&R). (Prior to the R&R, Judge Tse issued

3  two orders asking for supplemental briefing.) In the R&R, Judge Tse recommended that the

4  motion be granted in part and denied in part. Specifically, he recommended that the requested

5  injunctive relief be issued and that the attorneys' fees and costs requested be granted (about

6  $13,000 in fees and $3,000 in costs). He also recommended that statutory damages be issued but

7  only for $8,000 total, not $16,000. *See* Docket No. 23 (R&R at 12). Judge Tse explained that

8  each Plaintiff should be awarded $4,000 based on the occasion when they went to the Lounge and

9  encountered accessibility barriers. But Plaintiffs' request for an additional $4,000 each for

10  "deterrence" was rejected because they failed to identify a particular occasion when they were

11  deterred from returning to the Lounge. *See* Docket No. 23 (R&R at 10-11).

12    After reviewing the R&R, this Court ordered supplemental briefing. The Court asked

13  Plaintiffs to address issues related to service of process and the injunctive relief sought. *See*

14  Docket No. 28 (order). The Court subsequently issued an order requiring that Plaintiffs re-serve

15  the summons and complaint on Defendants if Plaintiffs intended to pursue their motion for default

16  judgment. It gave Plaintiffs four months to re-serve. *See* Docket No. 30 (order).

17    Plaintiffs have now submitted papers indicating that they were able to re-serve Mr. Gwin,

18  but not North Beach Alliance. Plaintiffs have renewed their motion for default judgment as to Mr.

19  Gwin and ask that they be permitted to serve North Beach Alliance by alternative means.

20                              **II.        DISCUSSION**

21  A.    Motion for Default Judgment as to Mr. Gwin

22    "Before entering a default judgment against a defendant, [a court] must first determine

23  whether service of process was adequate." *Cal. TD Specialists v. Terrace*, No. 23-cv-02224-AMO

24  (PHK), 2024 U.S. Dist. LEXIS 129590, at *14 (N.D. Cal. May 9, 2024). Plaintiffs have provided

25  evidence that, on February 18, 2025, they were able to serve a copy of the summons and complaint

26  on Mr. Gwin by personal delivery. *See* Docket No. 32 (proof of service). Service by such means

27  complies with Federal Rule of Civil Procedure 4(e). *See* Fed. R. Civ. P. 4(e)(2) (providing that an

28  individual may be served by "delivering a copy of the summons and of the complaint to the

United States District Court
Northern District of California

1  individual personally"). The Court therefore finds that service of process was properly effected on

2  Mr. Gwin and turns to the merits of the motion for default judgment.

3      In deciding whether a default judgment is appropriate, courts consider the following

4  factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of
> plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)
> the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due to
> excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decisions on the merits.

9  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, all factual

10  allegations within the complaint are accepted as true, except those allegations relating to the

11  amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

12      In his R&R, Judge Tse thoroughly addressed the *Eitel* factors as applied to the case at bar.

13  *See* Docket No. 23 (R&R at 5-8). The Court has reviewed this analysis and finds it thorough, well

14  reasoned, and correct and therefore adopts the analysis for purposes of the pending motion. The

15  Court also takes into account as part of the *Eitel* analysis the Clefton Declaration filed at Docket

16  No. 36. This declaration was filed after the R&R issued and addressed this Court's order asking

17  whether the renewed motion for default judgment had been served on Mr. Gwin. In the

18  declaration, Plaintiffs' counsel testifies that the renewed motion was served via FedEx to 712

19  Montgomery Street, San Francisco (an address with which Mr. Gwin has a connection even if it

20  may not be his dwelling or usual place of abode). Plaintiffs' counsel also testifies that he spoke to

21  Mr. Gwin on the phone about the lawsuit and the renewed motion; that Mr. Gwin stated he had

22  decided not to respond to the lawsuit; and that Mr. Gwin further stated he would not appear at the

23  hearing on the renewed motion. *See* Docket No. 36 (Clefton Decl. ¶¶ 4-5). The Court accepts the

24  representations made in the declaration about Mr. Gwin's statements to counsel as there is no

25  evidence to the contrary. The testimony confirms that Mr. Gwin's default was not due to

26  excusable neglect and that, even though there is a strong policy favoring a decision on the merits,

27  that is not a bar to a default judgment given the specific circumstances in this case, *i.e.*, where a

28  defendant has voluntarily made a decision not to defend.

This leaves the issue of what relief is appropriate. Plaintiffs seek injunctive relief, damages, and attorneys' fees and costs.[2]

- The Court finds that the injunctive relief sought by Plaintiffs – *i.e.*, at least 5% accessible seating in the Lounge; an accessible path of travel in the Lounge; and an accessible path of travel to an accessible bathroom in the Lounge – is warranted. In this regard, the Court takes into account both the original Luciani Declaration (Docket No. 14-3) and the supplemental Luciani Declaration (Docket No. 29-1), which provided specifics about the Lounge, its configuration, the cost of an accessible bathroom, and so forth.

- With respect to damages, the Court agrees with the analysis of Judge Tse in his R&R – *i.e.*, that each Plaintiff be awarded $4,000 in statutory damages ($8,000 in total) based on the occasion when Plaintiffs went to the Lounge and encountered accessibility barriers. *See* Docket No. 23 (R&R 9-11).

- Finally, as a general matter, the Court finds attorneys' fees and costs appropriate and the amount sought reasonable. However, the Court defers making a ruling on the amount of fees and costs because Plaintiffs did not segregate fees/costs related to their claims against Mr. Gwin from fees/costs related to their claims against North Beach Alliance. *See* Docket No. 40 (minutes). Although some fees/costs may not be segregable, some likely can be – *e.g.*, fees/costs incurred for service of

---

[2] The Court notes that it is not clear from the record what exactly the relationship is between Mr. Gwin, North Beach Alliance, and/or the Lounge. At the hearing, Plaintiffs indicated that Mr. Gwin is the landlord who owns the property while North Beach Alliance is the tenant on the property. For purposes of the pending motion, however, it is not necessary to determine the exact relationship among the three. As Plaintiffs note, "[l]andlords and tenants are jointly and severally liable for ADA violations where both the landlord and the tenant are persons who 'own[], lease[] (or lease[] to), or operate[] a place of public accommodation.'" *Loskot v. Dog House*, No. C-11-04867 JSC, 2013 U.S. Dist. LEXIS 9306, at *5 (N.D. Cal. Jan. 23, 2013) (quoting 42 U.S.C. § 12101(a)); *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability."); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000) ("[A] landlord has an independent obligation to comply with the ADA that may not be eliminated by contract."); 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.").

United States District Court
Northern District of California

1  process on each defendant.  That being said, the issue may be moot because, as

2  discussed below, the Court now finds that service was properly effected on North

3  Beach Alliance and shall allow Plaintiffs to renew their motion for default

4  judgment against the company by August 6, 2025.  If the Court grants that motion,

5  then at that point the Court will no longer have a concern about the need to

6  segregate fees/costs for each defendant.

7  Accordingly, the Court hereby grants the motion for default judgment as to Mr. Gwin and

8  issues the following relief:

9  (1) Mr. Gwin must modify the property at 714 Montgomery Street, San Francisco,

10  California 94111 to comply with the 2010 ADA Standards for Accessible Design

11  and Title 24 of the California Code of Regulations, with all work to be completed

12  on/before August 27, 2026, specifically.

13  (a) Mr. Gwin shall provide at least 5% accessible seating in the Lounge (located at

14  the property above).

15  (b) Mr. Gwin shall ensure that the tables and chairs at the Lounge are spaced such

16  that there is an accessible path of travel through the interior of the facility.

17  (c) Mr. Gwin shall provide an accessible path of travel to an accessible restroom in

18  the Lounge.  He may install a wheelchair lift or other means or accessible

19  egress to the current designated accessible restroom, or he may create another

20  accessible restroom which is on an accessible path of travel.

21  (2) Plaintiffs are awarded statutory damages under the Unruh Act in the amount of

22  $4,000 each, for a total of $8,000 in damages.

23  (3) Plaintiffs shall be awarded attorneys' fees and costs but the precise amount shall be

24  determined at a later date.

25  B.    Motion for Service by Alternative Means as to North Beach Alliance

26  At the time of the hearing on the pending motion, Plaintiffs had been able to serve Mr.

27  Gwin with the summons and complaint, but not North Beach Alliance.  Plaintiffs provided

28  evidence that they made multiple attempts to serve the agent for North Beach Alliance (at 1

United States District Court
Northern District of California

Bluxhome St., Apt. 304, San Francisco), starting in late January 2025 and extending through late March 2025.  During two recent attempts in March 2025, the process server spoke with North Beach Alliance's agent over the intercom but the agent stated that he was out of the country until April 15, 2025.  Given these circumstances, Plaintiffs asked, in their pending motion, for permission to serve North Beach Alliance by alternative means – specifically, by publication.

At the hearing, the Court indicated that it was not inclined to permit service by publication because it likely would not result in actual notice.[3]  *See Watts v. Crawford*, 10 Cal. 4th 743, 749 (1995) (stating that, "[i]f a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort"; "'it is generally recognized that service by publication rarely results in actual notice'").  However, it was open to alternative means given the evidence suggesting North Beach Alliance's agent, Arash Ghanadan, was purposefully avoiding service of process.[4]  As reflected in the minute order at Docket No. 40, the Court instructed Plaintiffs to make a final attempt to serve the agent at the Bluxhome Street address.  The Court added that, if (once again) the agent claimed via the telecom that he was not at the Bluxhome Street address or out of town, then Plaintiffs could leave a copy of the summons/complaint at the address and then mail a copy of the same to the address (*i.e.*, substituted service).  *Cf. Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1012-14 (1990) (in discussing substitute service, noting that "a defendant will not be permitted to defeat service by rendering physical service impossible"; service was proper where process server (1) provided actual notice of documents to defendant's agent and left the summons and complaint

---

[3] According to Plaintiffs' counsel, Mr. Gwin reported that North Beach Alliance is in fact aware of this suit and has made a decision not to defend.  See Docket No. 36 (Clefton Decl. ¶ 5).  The Court has no reason to doubt that Mr. Gwin made this statement to Plaintiffs' counsel.  However, it is one thing to credit Mr. Gwin's statements about himself; it is another to credit his statements about someone else.

[4] Plaintiffs have filed evidence indicating that Mr. Ghanadan is not only the agent for service of process for North Beach Alliance but also the CEO and managing member (or member) of North Beach Alliance.  *See* Docket No. 41 (Clefton Decl., Ex. Q) (Statement of Information Limited Liability Company for North Beach Alliance, downloaded from the website for the State of California, Office of the Secretary of State).

United States District Court
Northern District of California

1    outside the office because the agent refused to unlock the door and then (2) mailed a copy of the

2    summons and complaint); *see also Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d

3    1132, 1136 (9th Cir. 2009) (stating that "[s]ufficient service may be found where there is good

4    faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the

5    summons and complaint within the defendant's immediate proximity and further compliance with

6    Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade

7    service," such as refusing to open the door).

8         In accordance with the Court's order, Plaintiffs attempted to serve Mr. Ghanadan at the

9    Bluxhome address but the agent told the process server (via telecom) that he was traveling and

10   would not be back until after July 4.  The process server thus left a copy of the summons and

11   complaint at the address and mailed a copy of the same to the address, as permitted by the Court.

12   Plaintiffs have therefore effected service of process.  *See* Docket No. 41 (Clefton Decl., Ex. R

13   (proof of service).  In light of the proper service, the Court shall permit Plaintiffs to file a renewed

14   motion for default judgment should North Beach Alliance fail to respond to the complaint.  *See*

15   Fed. R. Civ. P. 12(a)(1) (providing that, as a general matter, a defendant must file an answer

16   "within 21 days after being served with the summons and complaint").  Absent good cause, the

17   renewed motion for default judgment as to North Beach Alliance shall be filed by August 6, 2025.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

United States District Court
Northern District of California

8

United States District Court
Northern District of California

### III.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion for default judgment as to Mr. Gwin.  Plaintiffs' motion for alternative service as to North Beach Alliance has already been adjudicated, and, because Plaintiffs have now properly effected service of process on the company, they may file a renewed motion for default judgment by August 6, 2025, should the company fail to respond to the complaint.  For efficiency, Plaintiffs may incorporate by reference their prior filings (*i.e.*, the Court does not intend for Plaintiffs to incur more fees and costs).

Plaintiffs shall immediately mail a courtesy copy of this Court's order to Mr. Gwin at the 712 Montgomery address and to North Beach Alliance's agent (Mr. Ghanadan) at the Bluxhome address, and shall file a proof of service certifying such.

This order disposes of Docket No. 33.


**IT IS SO ORDERED**.


Dated: July 11, 2025


_____
EDWARD M. CHEN
United States District Judge

9